UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HARMONY LIFE HOSPICE, INC. | CIVIL ACTION NO. 5:12-cv-03110 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| KATHLEEN SEBELIUS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a motion to dismiss, filed by the Defendant, Kathleen Sebelius, who is sued in her capacity as Secretary of the United States Department of Health and Human Services (the "Secretary"). [Record Document 7]. In this motion, the Secretary seeks to dismiss the complaint filed by the Plaintiff, Harmony Life Hospice, Inc., ("Harmony"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Harmony opposes the Secretary's motion. See Record Document 17. Following a thorough review of the pertinent pleadings, all supporting documents, and the applicable jurisprudence, the Court concludes that the Secretary's motion to dismiss [Record Document 7] shall be **GRANTED**. In accordance with this ruling, Harmony's claims against the Secretary are **DISMISSED WITH PREJUDICE**.

I.  **Factual Background.**

Harmony is a hospice care provider, located in Shreveport, Louisiana, who participates in the Medicare program as a provider. Hospice care provided by hospice providers, such as Harmony, is reimbursed by the Medicare program; however, the amount of reimbursement payments a hospice may receive is statutorily capped for each year

under the Medicare Statute, 42 U.S.C. § 1395f(i)(2). This amount is commonly referred to as the aggregate cap. If the amount of reimbursement a hospice receives from Medicare exceeds the cap amount for a given year, the hospice must refund the excess amount to Medicare.

42 C.F.R. § 418.309(b) provides two methodologies for calculating the aggregate cap: the streamlined methodology and the proportional methodology. Under the streamlined methodology, a patient's entire stay is allocated to a given year if the patient had entered hospice care in a twelve-month period beginning thirty-four days before the year in question. The streamlined methodology was subject to extensive litigation in the district and appellate courts and, insofar as the governing regulation permitted only a streamlined computation of the cap, the regulation was invalidated. See Lion Health Services, Inc. v. Sebelius, 635 F.3d 693, 700 (5th Cir. 2011). Thereafter, the regulation was amended to allow the provider to elect either the streamlined method or the proportional method. Under the proportional methodology, "[a] hospice includes in its number of Medicare beneficiaries only that fraction which represents the portion of a patient's total days of care in all hospices and all years that was spent in that hospice in that cap year . . ." 42 C.F.R. § 418.309(c)(1). For years ending before October 31, 2011, such as the year in question in this case, a hospice's cap is determined by the streamlined methodology, unless the hospice elects to utilize the proportional methodology. In the event the hospice files a timely administrative appeal, a recalculation is automatically made using the proportional methodology. Once a hospice switches to the proportional

methodology, it may not elect the streamlined methodology in subsequent years. Id. at 418.309(d).

In this case, Harmony did not elect the proportional methodology. Thus, following a calculation under the streamlined methodology, the Secretary notified Harmony that it exceeded its cap for the period of November 1, 2009 through October 31, 2010 by $376,273.00. See Record Document 1-1, p. 1, 7. Harmony entered into a repayment program with Medicare. Subsequently, it filed an administrative appeal with the Provider Reimbursement Review Board ("PRRB") and requested expedited judicial review to contest the use and validity of the streamlined methodology. See id. at 1-2, pp. 1-3. The PRRB denied expedited judicial review, explaining that as a result of Harmony's appeal, it could administratively provide the relief sought-- a recalculation using the proportional methodology. See id. at 1-7, p. 5. As a result of the recalculation using the proportional methodology, the Secretary submits that Harmony's overpayment increased from $376,273.00 (under the streamlined methodology) to $403,677.00 (under the proportional methodology). See Record Document 7-3, p. 2. This new calculation was not rendered until after the instant lawsuit was filed.

Harmony filed the instant suit, seeking a writ of mandamus and an order directing the Secretary to calculate hospice cap payments in accordance with 42 U.S.C. § 1395f(i)(2) and to refund payments made as a result of the calculation under the streamlined methodology. Alternatively, Harmony seeks a ruling from the Court invalidating 42 C.F.R. § 418.309(b)(1) and enjoining collection of payments made using the streamlined

methodology. Harmony also seeks to bring this suit as a class action on behalf of a class of similarly-situated healthcare providers participating in the Medicare program. However, there has been no motion for class certification in this matter. See Record Document 10.

## II. Law and Analysis.

The Secretary has moved to dismiss this case, primarily arguing that the Court lacks subject matter jurisdiction because there exists no case or controversy, specifically because the calculation dispute is moot. Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. See id. In reviewing a Rule 12(b)(1) motion to dismiss, "the district court is empowered to consider matters of fact which may be in dispute." Id. "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). By virtue of

Article III, federal courts can only act in matters presenting actual cases or controversies. "The case or controversy doctrine is a fundamental limit on the federal judicial power in our system of government." Allen v. Wright, 468 U.S. 737, 750, 104 S. Ct. 3315, 3324 (1984). "Case or controversy" includes the distinct, but related concepts of standing, mootness, ripeness, and political question.

If an issue of mootness is raised, the Court must address it before assuming jurisdiction. See North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402 (1971). A case is deemed moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396, 100 S. Ct. 1202 (1980). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability. Jurisdiction is still proper, however, if there is a reasonable likelihood that the same controversy will recur." Am. Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988)(internal citations omitted). Furthermore, mandamus relief requesting an agency be compelled to take certain action is rendered moot when the agency takes the very action that grants the requested relief. See Goldstar Home Health Sys., Inc. v. Sebelius, 2013 WL 3096190, *6 (N.D. Tx. June 17, 2013)(collecting cases).

In the case at bar, Harmony's request for mandamus relief and its remaining claims against the Secretary have been rendered moot. Harmony wants the Secretary to recalculate its aggregate cap using the proportional method. By virtue of Harmony filing

an administrative appeal, the Secretary has recalculated the cap using the proportional methodology and has notified Harmony of the repayment amount due under that calculation. Thus, Harmony's request to compel a recalculation using the proportional methodology is now moot. Because the regulations require the Secretary to continue to use the proportional methodology to determine Harmony's cap in the future, Harmony will never again be subject to a streamlined methodology calculation. Accordingly, this issue is moot.

Harmony also seeks a refund of all payments it made pursuant to the streamlined methodology calculation. However, the Court lacks the authority to grant such a request. Indeed, as the Fifth Circuit explained in <u>Lion Health</u>, it is an abuse of discretion for the district court to order the Secretary to refund monies rather than remand to the agency for recalculation of the proper amount, as "the determination of the amount of refund owed . . . is a matter properly within the agency's authority." 635 F.3d at 703-04.

Because Harmony's claims have been rendered moot by the recalculation of the cap using the proportional methodology, the Court does not have jurisdiction over this lawsuit and must dismiss it. Accordingly, the Court need not address the remaining arguments supporting the Secretary's motion to dismiss. Furthermore, as the Court has determined that Harmony's claims are moot and because no class has been certified in this matter, the Court finds that the entire action is moot.

### III. Conclusion.

For the foregoing reasons, the Secretary's motion to dismiss [Record Document 7] be and is hereby **GRANTED**. Harmony's claims against the Secretary are hereby **DISMISSED WITH PREJUDICE**. A judgment consistent with the instant memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 25th day of March, 2014.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE